S. LANE TUCKER
United States Attorney

SETH M. BEAUSANG
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: seth.beausang@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | No. 3:23-cv-00160-HRH |
| vs. | ) | |
| $55,924.00 IN UNITED STATES CURRENCY, | ) | **VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |
| Defendant. | ) | |

Plaintiff, United States of America, by and through counsel, alleges the following:

**I. NATURE OF THE ACTION**

1. This is a civil action *in rem* brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6) for the forfeiture of Defendant $55,924.00 IN UNITED STATES CURRENCY (Defendant *in rem*).

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1345 and 1355.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1395 because Defendant *in rem* was seized within the District of Alaska.

## III. RELEVANT FACTS

4. In or around February 2023, law enforcement officers in the State of Washington intercepted a parcel shipped through the U.S. Mail containing approximately 80,000 fentanyl M-30 pills.

5. M-30 pills are commonly sold by drug traffickers.

6. Upon information and belief, Steve McComb was the ultimate intended recipient of the parcel.

7. Investigators determined that McComb had an outstanding felony warrant from the District Court for the District of Alaska for violation of his supervised release in Case No. 3:13-cr-00027-RRB.

8. Members of the U.S. Marshals Alaska Fugitive Task Force learned that McComb was residing at a townhome at 3701 Lynn Drive, Unit C, in Anchorage, Alaska.

9. On February 7, 2023, officers arrived at that location and announced that they had an arrest warrant for McComb.

10. McComb attempted to flee out the back of the residence, but when challenged by officers, he ran back inside.

11. Officers then entered the residence to search for McComb.

12. Officers observed controlled substances, packaging material, drug paraphernalia, and U.S. currency in plain view inside the residence. All of these items are commonly possessed by persons involved in drug trafficking.

13. Officers arrested McComb inside the residence.

14. Two other persons were contacted inside the residence, Roger Starnes and Krystal Wallis. Starnes, Wallis, and McComb all had active warrants and prior convictions for controlled substances offenses.

15. Wallis was discovered hiding in an upstairs closet.

16. Wallis was interviewed and stated that she was a drug dealer and that only she and McComb stayed at the residence.

17. Pursuant to a search warrant, officers searched 3701 Lynn Drive, Unit C, and seized controlled substances, including fentanyl, heroin, cocaine, and methamphetamine, all in amounts commonly possessed by persons for purposes of drug trafficking.

18. From the person of McComb, officers seized $15,273 in U.S. currency and approximately 7.45 grams of methamphetamine, which is an amount of methamphetamine consistent with possession for purposes of drug trafficking.

19. Inside 3701 Lynn Drive, Unit C, in a bag in the kitchen, officers seized $30,451 in U.S. currency, depicted in the following photograph:



20. Officers found significant amounts of controlled substances in the kitchen in close proximity to the currency.

21. Officers observed two vehicles in the driveway and a 2013 silver Ford Explorer in the garage. On February 9, 2023, search warrants were obtained for the three vehicles, and in the Ford Explorer, in the back seat, officers seized $10,200, depicted in the following photograph:



22. The total amount of currency seized from McComb's person, 3701 Lynn Drive, Unit C, and the Ford Explorer was $55,924.00, which is the Defendant *in rem*.

23. All of the currency was bundled in a manner consistent with drug trafficking proceeds.

24. In or around March 2023, pursuant to 18 U.S.C. § 983(a), U.S. Customs and Border Protection (CBP) sent notices of the seizure of the Defendant *in rem* to, among others, Wallis, Starnes, and McComb.

25. The notices sent to Starnes were returned by the U.S. Postal Service as unclaimed and unable to forward.

26. In or around April 2023, McComb returned signed forms to CBP stating that he abandoned any interest in the Defendant *in rem*.

27. In or around April 2023, Wallis returned signed forms to CBP claiming that she was the owner of the Defendant *in rem* and requesting that the government file a civil forfeiture complaint.

28. Defendant *in rem* is presently in the possession, custody, or control of the United States and is not presently subject to any judicial restraining order.

29. Defendant *in rem* is currency that was likely furnished or intended to be furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, and was used or intended to be used to facilitate the sale and exchange of a controlled substance. *See, e.g., United States v. $175,982.21 in U.S. Currency*, 2012 WL 12897995, at *3 (C.D. Cal. Nov. 30, 2012) ("Here, the extremely large amount of money found in the household is strong evidence that the money was furnished or

intended to be furnished in return for drugs. The presence of the large amount of marijuana and cultivation site in the shed and garage are particularly persuasive to establish the requisite probable cause for forfeiture. The Court finds, therefore, that the government has met its initial burden and the burden shifts to the claimants."); *see generally United States v. Padilla*, 888 F.2d 642, 644 (9th Cir. 1989) ("An extremely large amount of money found in the household itself is strong evidence that the money was furnished or intended to be furnished in return for drugs…. Particularly persuasive is the presence of drugs or drug paraphernalia.").

29. Defendant *in rem* is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6).

//
//
//
//
//
//
//
//
//
//
//
//
//

## IV. CLAIM FOR RELIEF

WHEREFORE, Plaintiff United States of America prays that:

A.     A Warrant *In Rem* issue for the arrest of Defendant $55,924.00 IN UNITED STATES CURRENCY;

B.     That due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

C.     That judgment be entered declaring Defendant $55,924.00 IN UNITED STATES CURRENCY forfeited to the United States of America for disposition according to law, and

D.     For such relief as this Court may deem just and proper, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED this 18th day of July 2023, in Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

s/ Seth M. Beausang
SETH M. BEAUSANG
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2023,
a true and correct copy of the foregoing was
served by certified mail on the following:

Krystle Wallis
Hiland Mountain Correctional Center
9101 Hesterberg Rd.
Eagle River, AK 99577

Rodger Starnes
3801 Iowa Drive, #1
Anchorage, AK 99517

Helen Sponauble
P.O. Box 191012
Anchorage, AK 99517

Joan T. Orense
9820 Rousona Circle
Anchorage, AK 99515

Helen Spounagle, a/k/a Helen Spounable
3446 Orion Circle
Anchorage, AK 99517


s/ Seth M. Beausang
Office of the U.S. Attorney

# **VERIFICATION**

      I, Kent Solmonson, hereby verify and declare under the penalty of perjury that I am employed as a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations, that I have read the foregoing Verified Complaint for Forfeiture In Rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to the best of my knowledge and belief. The sources of my knowledge and information and the grounds for my belief include official files and records of the United States, publicly available files and historical information, files and records compiled by local and state law enforcement agencies, information supplied to me by other law enforcement officers and other witnesses, as well as my investigation in this case, together with others, as well as my training and experience. Executed this __7th__ day of July 2023, in Anchorage, Alaska.

                                                                                        Kent Solmonson
                                                                                        Special Agent
                                                                                       Homeland Security Investigations

Declarations have the same legal force as affidavits. 28 U.S.C. § 1746